IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | | |
|---|---|---|
| BRETT HORVATH, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:17-cv-00256 |
| CITY OF LEANDER, TEXAS, and BILL GARDNER, in his official and individual capacities, | § § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Plaintiff, Brett Horvath, and complains of Defendant City of Leander, Texas, and Bill Gardner, in his official and individual capacities. In support of his complaint, Plaintiff states the following:

### NATURE OF THE ACTION

1. This case arises out of the termination of Plaintiff Horvath's employment with the Leander Fire Department for reasons that were discriminatory, retaliatory, and in violation of his First Amendment rights to the free exercise of his religion. Plaintiff's federal causes of action arise under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. He seeks back pay, compensatory damages, punitive damages, the prospective injunctive relief of reinstatement to his former position or front pay, costs of court, pre- and post-judgment interest, and an award of attorney fees.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

1

3.	The events out of which this suit arises occurred in Williamson County, Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

4.	Plaintiff Brett Horvath is an individual Texas resident who was employed by Defendant City of Leander.

5.	Defendant City of Leander is a municipal corporation operating under its home rule charter within its geographical boundaries in Williamson County, Texas. Defendant Bill Gardner is the Fire Chief of the Leander Fire Department and held this office at the time of the events complained of in this suit. Defendant Gardner is sued in his official and individual capacities.

## FACTS

6.	Before being fired in March 2016, Plaintiff Horvath was an employee of Defendant City for almost four years. Horvath was hired as a fire fighter and promoted to the rank of Driver Pumper Operator. Horvath received several service commendations and was a member of the Williamson County Technical Rescue Team.

7.	Prior to February 2016, the Defendants had accommodated Horvath's sincerely held Christian beliefs by exempting him from obtaining prophylactic vaccinations required of other fire fighters. In February 2016, Defendant Gardner canceled that reasonable accommodation, telling Horvath that he would be required to take a Tdap vaccine or to propose a substitute accommodation in order to retain his position. Horvath began the interactive process of trying to reach a substitute reasonable accommodation to replace the one that Defendant Gardner canceled.

2

8. Defendant Gardner responded, suggesting a set of infection control procedures. Horvath agreed that most of the suggested procedures were reasonable, but stated that he did not believe that Defendant Gardner's suggestion that Horvath wear a surgical mask during the entirety of every 24-hour shift was reasonable or supported by any medical authority. As such, Horvath proposed to use Defendant Gardner's suggested procedures, with the only modification being that Horvath would wear a surgical mask during specified situations where infection risk was increased.

9. At that point, Defendant Gardner refused to discuss reasonable accommodations for Horvath's religious beliefs further, stating that the issue was "not negotiable." Nevertheless, Horvath attempted to continue the interactive process in good faith, sharing the medical authorities that he had consulted and inquiring whether any medical authorities justified the constant use of a surgical mask that Defendant Gardner was demanding. Horvath made clear that he was willing to reconsider his position on the surgical mask issue based on medical science.

10. Instead of continuing the dialogue toward reaching an accommodation for Horvath's religious beliefs while addressing the Fire Department's infection-control concerns, on March 29, 2016, Defendant Gardner fired Horvath, explicitly stating that the termination was punishment for Horvath's efforts to continue the interactive process to reach a substitute reasonable accommodation to replace the accommodation that Defendant Gardner had canceled.

11. Horvath could have performed the essential functions of his position with reasonable accommodation for his sincerely held religious beliefs.

## FIRST CAUSE OF ACTION: CHAPTER 21, TEXAS LABOR CODE

12.     Defendants' cancellation of the reasonable workplace accommodation for Plaintiff's sincerely held religious belief that it previously provided, Defendants' failure and refusal to continue meaningful engagement in an interactive process to discuss a substitute reasonable accommodation, and Defendants' termination of Horvath's employment all violated Chapter 21 of the Texas Labor Code.  Defendants terminated Horvath's employment because of Plaintiff's religious beliefs and/or in retaliation for requesting a substitute reasonable workplace accommodation for his religious beliefs.  Horvath has exhausted his administrative remedies on this claim, having received the notice of right to sue from the Texas Workforce Commission, dated January 20, 2017.

## SECOND CAUSE OF ACTION: TITLE VII

13.     Defendants' cancellation of the reasonable workplace accommodation for Plaintiff's sincerely held religious belief that it previously provided, Defendants' failure and refusal to continue meaningful engagement in an interactive process to discuss a substitute reasonable accommodation, and Defendants' termination of Horvath's employment all violated Title VII of the Civil Rights Act of 1964.  Defendants terminated Horvath's employment because of Plaintiff's religious beliefs and/or in retaliation for requesting a substitute reasonable workplace accommodation for his religious beliefs.  Horvath has exhausted his administrative remedies on this claim, having received the notice of right to sue from the Equal Employment Opportunity Commission, dated December 6, 2016.

## THIRD CAUSE OF ACTION: FEDERAL CONSTITUTION / SECTION 1983

14.     Defendants' cancellation of the reasonable workplace accommodation for Plaintiff's sincerely held religious belief that it previously provided, Defendants' failure and

refusal to continue meaningful engagement in an interactive process to discuss a substitute reasonable accommodation, and Defendants' termination of Horvath's employment all violated Horvath's rights to the free exercise of his religion protected by the First and Fourteenth Amendments to the United States Constitution, cognizable pursuant to 42 U.S.C. § 1983.

## JURY TRIAL

15. Plaintiff requests and demands a trial by jury.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and upon hearing, that the Court award Plaintiff the following relief:

A. Declare that by cancelling the reasonable workplace accommodation for Plaintiff's religious beliefs that it previously provided, by failing and refusing to continue meaningful engagement in an interactive process to establish a substitute reasonable accommodation, and by terminating Horvath's employment, Defendants violated Chapter 21 of the Texas Labor Code, Title VII of the Civil Rights Act of 1964, and the First and Fourteenth Amendments to the United States Constitution.

B. Enter a permanent injunction requiring Defendants to reinstate Plaintiff to his former position with all benefits and emoluments of his position that he would have received if Defendants' discrimination and/or retaliation had not occurred and prohibiting any future acts of retaliation, discrimination, or harassment, and also making Plaintiff whole, as if Defendants' illegal acts of discrimination and/or retaliation had not occurred.

C. Order Defendants to pay Plaintiff back pay as a result of Defendants' discrimination and/or retaliation.

D.  Order Defendants to pay Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and/or other nonpecuniary losses as a result of Defendants' discrimination and/or retaliation.

E.  Order Defendants to pay Plaintiff punitive damages in an amount sufficient to punish the Defendants for their conduct and to deter others from similar actions.

F.  Order Defendants to pay Plaintiff's reasonable attorney fees and costs;

G.  Order Defendants to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

H.  Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendants; and

I.  Order such other relief, whether legal or equitable, to which Plaintiff is entitled.

*Respectfully submitted,*

DEATS DURST & OWEN, PLLC

_____
Matt Bachop
TBN: 24055127
mbachop@ddollaw.com
707 W. 34th St.
Austin, Texas 78705
(512) 474-6200
FAX (512) 474-7896

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing document has been served on counsel for Defendant City of Leander, Ms. Joanna Lippman Salinas, FLETCHER, FARLEY, SHIPMAN & SALINAS, L.L.P., 1717 W. 6th Street, Suite 300, Austin, Texas 78701, Fax (512) 476-5771, by e-mail on this 31st day of March, 2017.

                                                  Matt Bachop